(15 Misc. Rep. 464.)

PUBLISHERS' PRINTING CO. v. GILLEN PRINTING CO.

(City Court of New York, General Term. January 28, 1896.)

ATTORNEY AND CLIENT—RIGHTS OF ATTORNEY—COMPROMISE BY PARTIES.
    Where the parties settle the action without notice to plaintiff's attorney, and he, on the day after the last day to answer, enters judgment by default for the amount of the claim, with costs and disbursements, the motion to set aside the judgment will be denied, and the attorney will be given leave to collect the amount of his costs and disbursements, under execution issued on the judgment.

Appeal from special term.

Action by the Publishers' Printing Company against the Gillen Printing Company. From an order denying defendant's motion to vacate and set aside a judgment by default, together with the execution issued thereon, unless he should pay to plaintiff's attorney the costs and disbursements of the action, besides the sheriff's fees, and that, in default of the payment of such costs and disbursements, plaintiff be at liberty to collect the same by levy and sale under the execution, defendant appeals. Affirmed.

Argued before BOTTY and CONLAN, JJ.

Smith & Cochrane, for appellant.

David Solomon, for respondent.

BOTTY, J. This action was brought to recover the sum of $291.07 for work, labor, and services rendered, and materials furnished, the defendant. The summons and complaint were served on defendant on November 9, 1895. The time to answer expired on November 15th. On November 16th the plaintiff's attorney, not aware that any settlement of the action had been effected between the parties, and the defendant having made default in appearing and answering, entered judgment by default for the amount of the plaintiff's claim and interest, viz. $291.85, and $20.96, costs and disbursements,—total, $312.81,—and issued execution thereon. The defendant then moved at special term to vacate and set aside said judgment and

execution, on the ground that, on November 15th (on the day when the time to answer expired), the defendant had paid to plaintiff the sum of $291.00 in full settlement of the action, and the plaintiff and defendant had entered into a stipulation to discontinue the action, without costs to either party as against the other. The court made an order denying the motion, unless the defendant paid the plaintiff's attorney the sum of $20.96 costs, and also the sum of $27.64, sheriff's fees, incurred under the execution, and directed that, on payment of the same, the judgment be satisfied, and, in default of payment of such costs and disbursements, plaintiff be at liberty to collect the same by levy and sale under the execution issued in this action.

In view of the fact that plaintiff's attorney had no notice of the settlement of the action, I think it was both regular and proper to enter up judgment. The defendant, having settled with the plaintiff without notice to the attorney, did so at its own risk. Such a settlement cannot affect the rights or claims of the attorney upon his client's cause of action for compensation, which are secured him by virtue of section 66 of the Code. It is a well-settled rule of practice that the attorney's lien for costs in an action is absolute, and he should be protected to the fullest extent in the enforcement of his right in the premises. Nothing could be gained by vacating the judgment, and then compelling plaintiff's attorney to apply to the court for leave to prosecute the action for the enforcement of his claim for costs, which application, if granted, could only result, unless the attorney's costs were paid, in a re-entry of judgment in plaintiff's favor, and the issuance of an execution thereon for the collection of the amount due the plaintiff's attorney for costs, etc. Under the circumstances, the order made at special term, in so far as it protects the attorney for the enforcement of his claim for costs and disbursements, incurred for sheriff's fees, etc., was proper.

Order appealed from affirmed, with costs.